FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

William H. MOORE, Jr., Defendant.

Civ. A. No. 76-835.

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 28, 1978.

J. Randolph Pelzer, North Charleston, S.
C., for plaintiff.

Thomas A. Player, Neely & Player, Atlanta, Ga., Steven M. Anastasion, Callison, Tighe, Nauful & Rush, Columbia, S. C., for defendant.

## ORDER

CHAPMAN, District Judge.

After the American Bank and Trust (AB&T) was closed by the South Carolina State Board of Bank Control in 1974, the plaintiff, Federal Deposit Insurance Corporation (FDIC) was appointed by the Board to act as receiver for the bank. As receiver the FDIC proceeded to liquidate the bank and, as part of the liquidation, it sold a number of assets including some negotiable instruments to itself. Subsequently, FDIC instituted a number of lawsuits. A large number of suits were instituted by FDIC as the corporate owner of the negotiable instruments to collect from the parties liable thereon. The instant case is one of those suits. In its capacity as receiver FDIC instituted an action in federal court seeking a declaratory judgment that it was the owner of all choses in action against the officers and directors of the bank for nonfeasance or malfeasance which may have caused damages to the bank. Since the bank was wholly owned by a holding company, American Bank and Trust Shares (ABTS), FDIC also sought a declaration that it was the owner of all choses in action against the officers and directors of ABTS. The shareholders of ABTS were subsequently made parties defendant in the declaratory judgment action and they counterclaimed alleging in substance that, under state law, the FDIC became receiver illegally and through fraud and asked that the appointment of FDIC as receiver be revoked and that the sale of AB&T assets by FDIC to itself be rescinded. The district court determined that FDIC was the sole owner of the choses in action against the officers and directors of both AB&T and ABTS, indefinitely stayed the trial of the counterclaim, and permitted FDIC to proceed with its case against the officers and directors as soon as practicable. The Fourth Circuit vacated this ruling in *Federal Deposit Ins. Corp. v. American Bank Trust Shares, Inc.*, 558 F.2d 711 (4th Cir. 1977), and required the district court to resolve the issues raised by the counterclaim before trying FDIC's action against the officers and directors.

FDIC instituted the present case seeking to reduce to judgment the balance due on a promissory note executed by defendant in the principle amount of $275,000.00 and payable in full on March 22, 1975. This note had been purchased by the FDIC from the receivership of AB&T. In his answer, defendant denies any liability to FDIC on the note through a number of defenses. The FDIC has conveniently catalogued the various defenses under three headings; the Purchase and Assumption defenses, the Extension defenses, and the Residency and Indebtedness defenses. The Purchase and Assumption defenses include the following claims made by defendant: (1) the FDIC, as receiver, acted beyond the scope of its authority in liquidating AB&T, (2) the FDIC violated its own enabling act when it became receiver of AB&T and commenced liquidation proceedings, (3) the FDIC's takeover of AB&T was in violation of the Constitutions of the United States and of the State of South Carolina, (4) the FDIC did not have authority to purchase the note from the AB&T receivership. The Extension defenses involve an oral agreement between the defendant and FDIC in which the FDIC agreed to extend the time for payment to March, 1977, if defendant would pay $150,000 and furnish security for the remainder satisfactory to FDIC. The Residency and Indebtedness defenses relate to defendant's general denial of the residency paragraph of the complaint and to the paragraph of the complaint which sets forth defendant's execution of the note, its face amount, and the payment date.

Presently before the Court are two motions. The first was made by defendant and seeks a stay of all proceedings until the district court decides the issues raised by

the counterclaim in FDIC's declaratory judgment action in accordance with the Fourth Circuit opinion in *Federal Deposit Ins. Corp., v. American Bank Trust Shares, Inc., supra.* Defendant argues in support of his motion that, since the legality of FDIC's receivership is at issue in both cases and since this issue was first raised in the counterclaim to the declaratory judgment action, the present case should be stayed so as to prevent an unnecessary duplication of discovery expenses.

■ It should first be noted that a stay of this action is not mandated by the Fourth Circuit's opinion in the ABTS case. That case dealt with the FDIC's litigation against corporate officers and directors in its capacity as receiver, not the FDIC's litigation to collect notes it sold to itself. It is true that defendant has raised issues similar to those raised by the shareholders of ABTS. However, the fact that defendant has raised these issues does not mean that the issues are relevant in the instant case. For the reasons stated below, this Court finds that the issues relating to the legality of FDIC's receivership do not affect FDIC's attempts to collect the negotiable instruments it purchased from the receivership. Accordingly, the motion to stay is denied.

■ Also presently before the Court is FDIC's motion for summary judgment. The FDIC has, through the affidavits and pleadings, established a prima facie case of liability on the note and the motion for summary judgment essentially questions the validity and sufficiency of the defenses. With respect to the Purchase and Assumption defenses, FDIC argues that defendant lacks standing to question the legality of FDIC's receivership and that the defendant is impermissibly collaterally attacking the state court order approving the receivership. This argument has merit. Defendant has no standing to complain about FDIC's acquisition of AB&T's assets. The only party which has standing to make such a complaint is either AB&T or its shareholders. FDIC acquired the note being sued upon from AB&T and is presently the

"holder" of said note. *See* S.C.Code Ann. § 36–1–201(20) (1976). If FDIC illegally acquired its status as a holder then AB&T might be a third party with a claim against the instrument. Defendant, however, as a party liable on the instrument, cannot assert such illegality as a defense to a suit on the note. As stated in S.C.Code Ann. § 36–3–306(d) (1976), "The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third person himself defends the action for such party." Furthermore, if defendant satisfies the note through a payment to FDIC he will not risk incurring double liability by becoming liable to AB&T in the event the sale to FDIC is set aside. Defendant will be discharged in accordance with S.C.Code Ann. § 36–3–603(1) (1976) which provides that "[t]he liability of any party is discharged to the extent of his payment or satisfaction to the holder even though it is made with knowledge of a claim of another person to the instrument . . . ." The FDIC also correctly argues that the Purchase and Assumption defenses constitute an impermissible collateral attack on the state court order approving the take-over of AB&T by the FDIC. *See Federal Deposit Ins. Corp. v. Moore Ventures, et al.,* Civil No. 76–1217 (D.S.C., filed Feb. 18, 1977) *citing Read v. Elliott,* 94 F.2d 55 (4th Cir. 1938).

■ With respect to the oral agreement on which the extension defenses are based, FDIC argues that (1) it is undisputed that defendant provided no additional security for the balance due on the note after the $150,000 payment, (2) the agreement by its terms expired in March, 1977, and (3) the agreement is within the statute of frauds and is, therefore, voidable. These arguments also have merit. While there is some dispute over whether defendant furnished additional security satisfactory to a reasonable banker, it is nonetheless clear that any extension to which plaintiff may have been entitled has now expired. Furthermore, the oral agreement, which was allegedly made in December, 1975, and extended the

time for payment until March, 1977, is within the statute of frauds and is unenforceable absent a written memorandum signed by the defendant. *See* S.C.Code Ann. § 32–3–10 (1976). *See also Doar v. Gibbes,* 8 S.C.Eq. (Bail.Eq.) 371 (1831); 37 C.J.S. *Frauds, Statute of* § 60 (1943).

The final defenses relating to the defendant's residency and indebtedness arise only because of certain general denials in the answer. The complaint alleges on information and belief that the defendant is a resident of Richland County and this allegation is denied. FDIC has submitted an affidavit which indicates that the defendant is a resident of Charleston County. Clearly, since defendant is still a resident of South Carolina, this court has jurisdiction over him and his denial of the residency allegation does not constitute a defense. The defendant has also denied those paragraphs of the complaint which set forth the amount due on the note. FDIC has established the amount due by an affidavit meeting the requirements of Rule 56, and defendant has submitted nothing in contradiction. Pursuant to Rule 56(e), therefore, defendant will not be permitted to rest on the allegations of his pleadings to establish a factual issue and the facts stated by FDIC's affidavit will be accepted as true.

After reviewing the pleadings and affidavits on file and, after considering the applicable law, this Court finds that no genuine issue exists as to any material fact and that the FDIC is entitled to judgment as a matter of law. The defendant has asserted a counterclaim in which he seeks damages from the plaintiff for the alleged breach of the oral contract to extend payment on the note. Since this oral contract is within the statute of frauds, it is unenforceable and the FDIC is also awarded summary judgment on the counterclaim.

IT IS, THEREFORE, ORDERED that judgment be entered in favor of the plaintiff in the amount of One Hundred Seventy-Four Thousand, Eighty and 99/100 ($174,080.99) Dollars plus interest of Fifteen Thousand One Hundred Fifty-Four and 58/100 ($15,154.58) Dollars to February 22, 1977, plus interest accruing thereafter at the rate of $48.89 per day to the date judgment is entered, plus costs of this action, plus a reasonable attorney's fee of $2,000.00.

AND IT IS SO ORDERED.